**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Stephen A. Ezell, | ) | No. CV-06-1505 PHX-DGC |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| Rick L Burton, | ) | |
| Defendant. | ) | |

During the deposition of Lewis Patrick, Plaintiff sought to obtain information regarding a lawsuit between Mr. Patrick and Defendant and a subsequent settlement of that lawsuit. Defendant's counsel objected, asserting that the terms of the settlement were subject to a confidentiality agreement and that the lawsuit and settlement were irrelevant to this case. Upon receiving a telephone call from the parties, the Court ordered that memoranda be filed on the discoverability of Mr. Patrick's information.

Defendant argues that discovery should be prohibited for three reasons: the settlement agreement between Mr. Patrick and Defendant prohibit disclosure of the terms of the agreement; the Patrick lawsuit and settlement are irrelevant to issues in this case; and the discovery is sought for an improper purpose. The Court has reviewed the memoranda filed by the parties and the settlement agreement submitted by Defendant *in camera*. Dkt. ##28, 29. The Court disagrees with Defendant's arguments.

The fact that the settlement agreement contains a confidentiality agreement does not render it privileged or beyond the discovery scope of Rule 26 of the Federal Rules of Civil

1 Procedure.  The case cited by Defendant in support of its position makes precisely this point:
2 "the agreement of confidentiality could not be used to 'thwart a court-ordered production of
3 material' under the broad rules of discovery." *Miller v. Kelly*, 130 P.2d 982, ¶ 10 (Ariz. App.
4 2006) (quoting *Ingalls v. Superior Court*, 573 P.2d 522, 524 (Ariz. App. 1977)).  A
5 confidentiality provision in a private settlement agreement "cannot prevail against the very
6 broad language of Rule 26(b), which makes subject to discovery all material relevant to the
7 subject matter which is not privileged." *Ingalls*, 573 P.2d at about 524.

8 Moreover, the confidentiality provision in this case specifically states that it "is not
9 intended to prevent the giving of truthful testimony under subpoena in a court proceeding."
10 The provision also states that the terms of settlement may be disclosed in response to "a court
11 order for its production."

12 The Court also concludes that the settlement agreement and underlying lawsuit are
13 relevant within the broad reach of Rule 26.  Relevancy during discovery is broader than
14 relevancy during trial.  The lawsuit between Mr. Patrick and Defendant concerned the same
15 real estate development at issue in this case.  Mr. Patrick, Defendant, and Plaintiff were all
16 participants in the transaction.  Plaintiff alleges that Defendant failed to provide relevant
17 information before acquiring Plaintiff's interest in the development.  It appears that the
18 lawsuit between Mr. Patrick and Defendant also contained allegations of withholding of
19 information related to the development.  Although the Court cannot conclude at this stage
20 that the evidence will be relevant during trial, it is sufficiently relevant to permit discovery.

21 Finally, Defendant has not shown that the discovery is being undertaken for purposes
22 of harassing Defendant.  Although it is true that Plaintiff claims that Defendant has been less
23 than forthcoming, that is the essence of this lawsuit.  Information is not irrelevant or
24 improper because it might support this claim or impeach Defendant during trial.

25 The Court concludes that Plaintiff may obtain a copy of the settlement agreement
26 between Mr. Patrick and Defendant and may inquire during the deposition of Mr. Patrick into
27 the settlement and the nature of the underlying lawsuit.  The parties may reconvene the
28 deposition of Mr. Patrick for the purpose of concluding this discovery.  Plaintiff suggests that

1  similar issues may have arisen during the deposition of Defendant.  If they did, the Court's
2  ruling is the same – Plaintiff can ask Defendant about Mr. Patrick's lawsuit and the
3  settlement of that lawsuit.
4      DATED this 14th day of May, 2007.

_____
David G. Campbell
United States District Judge