**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Stephen A. Ezell,

Plaintiff,

vs.

Rick L. Burton,

Defendant.

No. CV-06-1505-PHX-DGC

**ORDER**

Defendant has filed a motion for summary judgment. Dkt. #31. A response and reply have been filed. Dkt. ##38, 48. The Court will grant the motion.[1]

## I. Background.

This case involves a conflict over the exercise of a put option in a partnership between Plaintiff Stephen Ezell and Defendant Rick Burton. Plaintiff contributed five million dollars and acquired a 22.5% interest in Citation, a company formed for the purpose of acquiring and developing a piece of land know as Zanjero, located in Glendale, Arizona. The agreement between the parties granted Plaintiff a "put option" – the right to require Defendant to buy Plaintiff's membership interest in Citation within 120 days. The agreement did not specify whether Plaintiff could revoke his exercise of the put option once he had given notice of the

---

[1]The request for oral argument is denied because the parties have thoroughly discussed the law and evidence and oral argument will not aid the Court's decision. *See Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999).

exercise to Defendant. Plaintiff exercised his put option on April 12, 2005, just seven months into the partnership, and received $5,300,000 for his interest in Citation.

Citation became significantly more valuable after Plaintiff exercised his put option. Plaintiff now seeks to obtain the financial benefit he would have received had he stayed in the partnership. Plaintiff alleges that he did not revoke his exercise of the option because of alleged misrepresentations and omissions from Defendant.

Defendant argues that this is merely a case of seller's remorse – that Plaintiff is asking the Court to relieve him of the negative consequence of his poorly-timed decision to exercise his put option. Defendant argues that all of Plaintiff's claims fail because once Plaintiff exercised his put option he was obligated to sell and did not rely on any of Burton's alleged misrepresentations or omissions occurring after the exercise. Plaintiff counters by alleging, for the first time, misrepresentations and omissions occurring before the option exercise.

The Court concludes that the Rule 10b-5, Section 20, misrepresentation, fraud, and breach of fiduciary duty claims all involve reliance, which Plaintiff cannot show. The Court also concludes that Plaintiff's claim for unjust enrichment fails because his put option was governed by a contract, and he has received the full consideration called for by contract. Because all of the plaintiff's claims fail as a matter of law, the Court will grant summary judgment in favor of Defendant.

## II. Summary Judgment Standard.

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "Only disputes over facts that might affect the outcome of the suit . . . will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where new factual theories are introduced for the first time in response to a motion for summary judgment, these theories do not properly preclude entry of summary judgment. *Pickern v. Pier 1 Imports Inc.*, 457 F.3d 963, 668-69 (9th Cir. 2006).

**III. Analysis.**

**A. Plaintiff's Lack of Reliance.**

Plaintiff's claims under Rule 10b-5, Section 20, fraud, misrepresentation, and breach of fiduciary duty all require reliance on Defendant's allegedly misleading conduct. *See No. 84 Employer-Teamster Joint Council Pension Trust Fund v. Am. W. Holding Co.*, 320 F.3d 920, 945 (9th Cir. 2003) (Section 20); *DSAM Global Value Fund v. Altris Software, Inc.*, 288 F.3d 385, 388 (9th Cir. 2002) (Rule 10b-5); *Dawson v. Withycombe*, 163 P.3d 1034, 1058 (Ariz. Ct. App. 2007) (breach of fiduciary duty); *St. Joseph's Hosp. & Med. Ctr. v. Reserve Life Ins. Co.*, 742 P.2d 808, 813 (Ariz. 1987) (misrepresentation); *Echols v. Beauty Built Homes Inc.*, 647 P.2d 629, 631 (9th Cir. 1982) (fraud).

To establish reliance, a plaintiff must show that he changed his position for the worse. *See Bell v. Cameron Meadows Land Co.*, 669 F.2d 1278, 1283 (9th Cir. 1982); *Hetzel v. Mecahm Pontiac*, 730 P.2d 235, 237 (Ariz. 1986). Plaintiff cannot do so. Once Plaintiff exercised his put option, he took no additional action. His failure to revoke the put option was not a change of position in any respect – Plaintiff merely stood by his decision to exercise the option. Courts have held that fulfilling a pre-existing contractual obligation cannot constitute reliance because satisfying a legal obligation is not a change in position. *See Dopp v. Franklin Nat'l Bank*, 461 F.2d 873, 880 n.16 (2d Cir. 1972); *Berry v. Robotka*, 453 P.2d 972, 979 (Ariz. Ct. App. 1969) ("'Representations made after a transaction or contract cannot be made the basis of fraud for an attack upon such transaction or contract.'") (citation omitted). Plaintiff could only have relied on falsehoods or omissions occurring after he exercised his put option if he was able to change his position – to revoke his exercise of the option.

The agreement creating the put option states that it will be governed by Nevada law. Dkt. #31-3 at 50, ¶ 4. Where an option agreement is silent on revocability – as was the case with Plaintiff's option – Nevada law on offer and acceptance provides an implied term of irrevocability. *See Maloof v. B-Neva, Inc.*, 456 P.2d 438, 439 (Nev. 1969); *McCall v. Carlson*, 172 P.2d 171, 185 (Nev. 1946). The option is treated as an open offer, and the

option holder's exercise of the option is an acceptance of the offer. *See id.* In order to constitute an acceptance, the exercise of the option must be unconditional and in exact accordance with the terms of the option agreement. *See id.*; *Milner v. Dudrey*, 362 P.2d 439, 444 (Nev. 1961). An exercise is unconditional where it expresses the intent of the option holder to be bound. *See Milner*, 362 P.2d at 444. Here, uncontroverted evidence shows that Plaintiff stated plainly his wish to exercise the option, and Plaintiff did so in accordance with the option agreement. Dkt. #49-2 at 38. Because Plaintiff exercised the option unconditionally and in accord with the terms of the agreement, he was bound to the contract. The option contract was irrevocable once exercised. *See Bates v. Chronister*, 691 P.2d 865, 869 (Nev. 1984). Plaintiff could not have changed his position on the basis post-exercise misrepresentations because he was bound by contract.[2]

Relying heavily on rules governing the interpretation of ambiguous contracts, Plaintiff argues that his understanding that the option was revocable should operate to make it revocable. Dkt. #38 at 14. For these rules to apply, however, the contract must be ambiguous. *See Kaldi Farmers v. Ins. Exch.*, 21 P.3d 16, 21 (Nev. 2001) (citing *Geo B. Smith Chem. Co. v. Simon*, 555 P.2d 216, 216 (Nev. 1976)) (extraneous evidence may not be admitted to explain an unambiguous contract). Mere silence on an issue does not make a written contract ambiguous or susceptible to an unwritten term with no basis in the contract. *See id.* Silence on a particular term, in fact, implies that the parties expect the law to supply the missing term. *See id.* (silence on termination of agency agreement implies agreement is terminable at will); *Reno Club. v. Young Inv. Co.*, 182 P.2d 1011, 1020 (Nev. 1947) (where lease contract is silent on the usual covenants of a lease, the courts should

---

[2]Though he does not raise this issue in his response, Plaintiff's statement of facts disputes whether he exercised the option in exact accord with the terms of the agreement. Dkt. # 41, ¶ 54. The agreement calls for notice of the option's exercise to be sent in writing to Defendant in care of his attorney Mark C. Nicoletti. Dkt. #31-3 at 49. Ezell sent his exercise by email to Mr. Nicoletti. Although the exercise was sent by e-mail rather than the Postal Service, this does not violate the agreement, which does not specify a carrier, merely a destination address. The notice reached Defendant, via Nicoletti. The Court concludes that exercise by e-mail was valid and within the terms and conditions of the option agreement.

supply them). The law supplies the assumption that an option is irrevocable once exercised, and this negates Plaintiff's claim to a different understanding. *See McCall*, 172 P.2d at 185.

Confronted with the reality that he could not have relied on post-exercise misrepresentations, Plaintiff adopts an entirely new theory. His response alleges, for the first time, that he relied on misrepresentations and omissions before he exercised the option. Dkt. #38 at 12-14. Even under the liberal pleading standards of Rule 8 of the Federal Rules of Civil Procedure, for a plaintiff to hold off summary judgment on a particular factual claim the plaintiff must plead "specific factual allegations" in his complaint. *Pickern* 457 F.3d at 668-69. Raising factual issues or claims for the first time in response to a motion for summary judgment will not preclude summary judgment. *Id.* at 699. The complaint alleges exclusively post exercise misrepresentations and reliance, and plaintiff cannot now allege pre-exercise misrepresentation and reliance in order to avoid summary judgment. Dkt. #1 ¶¶ 15, 17-22, 28-29; *see* Dkt. #11 ¶ 2.

Moreover, Plaintiff's fraud allegations are governed by the more stringent pleading standards of Rule 9(b). This rule provides that all allegations of fraud "shall be stated with particularity." Fed. R. Civ. P. 9(b). The allegations must be "'specific enough to give defendants notice of the particular misconduct which is alleged to constitute fraud.'" *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001) (quoting *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993)). *Bly-Magee* held that the plaintiff's bare allegation of fraud, without particularized supporting detail, did not satisfy Rule 9(b). Plaintiff's complaint does not make any particularized allegation of pre-exercise reliance or of misconduct which would induce pre-exercise reliance. Because pre-exercise reliance is not pled sufficiently to meet even the Rule 8 minimal notice pleading requirements, or the more stringent Rule 9(b) requirements, Plaintiff's claim of pre-exercise reliance cannot be used at this late stage of the case to defeat summary judgment.

**B. Unjust Enrichment.**

Plaintiff cannot recover on the basis of unjust enrichment because a valid contract governs his relationship with Defendant. *See Trustmark Ins. Co. v. Bank One, Ariz.*, 48 P.3d

485, 492 (Ariz. Ct. App. 2002). Under Arizona Law, the doctrine of unjust enrichment has no place in a relationship governed by a valid contract. *Id.* (citing *Brooks v. Valley Nat'l Bank*, 548 P.2d 1166, 1171 (Ariz. 1976)). A person is not entitled to compensation under the theory of unjust enrichment when he has formed a contract and received the agreed consideration. *See Brooks*, 548 P.2d at 1171. Here, as in *Trustmark*, contractual documents govern the relationship between Plaintiff and Defendant. Like the plaintiff in *Brooks*, Plaintiff has received the full consideration his contract called for, and the doctrine of unjust enrichment will not sweeten his deal. Summary judgment on the issue of unjust enrichment is appropriate.

**C. Release.**

Defendant also argues that Plaintiff's execution of two releases bars the Court from granting relief to the Plaintiff. Plaintiff requests a declaratory judgment that the releases are unenforceable. Because the claims released are invalid for the reasons discussed above, Plaintiff's request for declaratory judgment is moot.

**IT IS ORDERED:**

1. Defendant's motion for summary judgment (Dkt. #31) is **granted**.
2. The Clerk is directed to **terminate** this action.

DATED this 28th day of November, 2007.

David G. Campbell
United States District Judge