**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Stephen A. Ezell, | ) | No. CV-06-1505-PHX-DGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Rick L. Burton, | ) | |
| Defendant. | ) | |

Defendant has filed a motion for attorneys' fees and costs. Dkt. #66. The motion has been fully briefed. Dkt. ##68, 71, 72. For reasons that follow, the Court will grant the motion and award Defendant a total of $738,807.27.

**I.     Background.**

This case involves a conflict over the exercise of a put option in a partnership between Plaintiff Stephen Ezell and Defendant Rick Burton. Plaintiff contributed five million dollars and acquired an interest in Citation, a company formed for the purpose of acquiring and developing a piece of land in Glendale, Arizona. The agreement between the parties granted Plaintiff a "put option" – the right to require Defendant to buy Plaintiff's membership interest in Citation. Plaintiff exercised his put option in April 2005, just seven months into the partnership, and received $5,300,000 for his interest in Citation.

Citation became significantly more valuable after Plaintiff exercised his put option. Plaintiff filed suit seeking to obtain the financial benefit he would have received had he remained in the partnership. The complaint asserted several claims: federal securities fraud,

1 breach of fiduciary duty, common law fraud, negligent misrepresentation, and unjust
2 enrichment. Each claim was based, at least in part, on the allegation that Plaintiff would have
3 revoked his exercise of the option but for alleged misrepresentations and omissions from
4 Defendant. *See* Dkt. #1.

5 The Court granted summary judgment in favor of Defendant. The Court concluded
6 that the fraud, misrepresentation, and breach of fiduciary duty claims all require reliance, and
7 Plaintiff could not demonstrate reliance because the option contract was irrevocable once
8 exercised and Plaintiff could not have changed his position on the basis of post-exercise
9 misrepresentations. The Court further concluded that Plaintiff's claim for unjust enrichment
10 failed because his put option was governed by a contract, and he received the full payment
11 called for by contract. Dkt. #50. The Ninth Circuit affirmed. Dkt. #65.

12 **II.  The Reasonableness of Defendant's Application.**

13 Defendant now seeks an award of fees and costs pursuant to paragraph three of the
14 put option agreement. Dkt. #68 at 7-8. That provision states:

15 In the event any party hereto incurs legal fees or other costs to enforce any of the terms of this Agreement, to resolve any dispute with respect to its
16 provisions, or to obtain damages for breach thereof, the prevailing party shall be entitled to an award for its costs and reasonable attorneys' fees incurred in
17 such action.

18 *Id.* at 38. Plaintiff does not dispute that this fee provision is enforceable. Dkt. #71 at 12.
19 Indeed, Plaintiff sought to recover attorneys' fees and costs in his complaint. Dkt. #1.

20 Defendant's fee application complies with the requirements of Local Rule of Civil
21 Procedure 54.2. Defendant has submitted a memorandum addressing issues identified in the
22 rule (Dkt. #68 at 1-23), copies of the applicable fee agreements (*id.*, Ex. C), more than 200
23 pages of detailed billing and cost statements (*id.* at 59-274), and affidavits of counsel
24 explaining how the fees were incurred and why they are reasonable (*id.* at 276-86).

25 Plaintiff has not complied with the local rule. The rule provides that "[t]he responsive
26 memorandum of points and authorities in opposition to a motion for award of attorneys' fees
27 and related non-taxable expenses shall identify with specificity all disputed issues of material
28 fact and shall *separately identify each and every disputed time entry or expense item.*"

1  LRCiv 54.2(f) (emphasis added). Plaintiff's response does not identify a single disputed time
2  entry or expense item. Indeed, Plaintiff's 17 pages of arguments do not contain a single
3  citation to the materials submitted by Defendant, or to any other factual matter.

4  Plaintiff objects to the overall size of the fee request, arguing (without citation) that
5  Plaintiff's counsel has seen a more complex case litigated for less money. Plaintiff argues
6  that the discovery and motion work performed by Defendant were not sufficient to generate
7  the requested fees. Plaintiff contends that much of the defense effort was intended to smear
8  his reputation, but he identifies no specific fees that were unwarranted. Plaintiff's counsel
9  states that he allowed excessive and irrelevant discovery to be conducted by Defendant
10 because he did not want to incur the time and expense of briefing discovery motions,
11 apparently forgetting that discovery motions were not allowed in this case and that discovery
12 disputes could have been resolved with a simple telephone call. *See* Dkt. #17, ¶6. In short,
13 Plaintiff provides no specifics and little substance from which the Court can conclude that
14 Defendant's fee request is unreasonable.

15 Having considered the record as a whole and the relevant fee award factors, *see*
16 *Hensley v. Eckerhart*, 461 U.S. 424, 429-30 & n.3 (1983), the Court finds the requested fees
17 and expenses to be reasonable. *See also* LRCiv 54.2(c)(3)(A)-(M) (listing factors bearing
18 on the reasonableness of a fee award). The Court admittedly finds the fees to be on the upper
19 end of what would be reasonable in cases of this duration and complexity, but cannot
20 conclude that they are unreasonable and unrecoverable.

21 Defendant has shown that 18,000 pages of documents were produced and 14
22 depositions were taken in five different states, in addition to written discovery. The parties'
23 summary judgment briefing presented more than 700 pages of material. Dkt. ##31, 38, 48.
24 After summary judgment had been granted in Defendant's favor on all issues, Plaintiff
25 appealed, and Defendant was required to brief and argue the case before the Ninth Circuit,
26 which affirmed in all respects. Defendant has shown that the hourly rates charged by his
27 attorneys were reasonable, something Plaintiff does not dispute. The overall fee amount was
28 arrived at by multiplying the hourly rates by the time spent in defense.

1 Given all of these facts, and Plaintiff's complete failure to identify any specific task, fee, or expense that was unnecessary or unreasonable, the Court concludes that Defendant's fee request is reasonable and appropriate. The Court will address several other arguments made by Plaintiff.

**III. Plaintiff's Arguments.**

Plaintiff first asserts that the put option was merely a small part of the case. *Id.* at 9. This assertion is belied by Plaintiff's own complaint (Dkt. #1), the summary judgment papers (Dkt. ##31, 38, 48), the Court's summary judgment order (Dkt. #50), and the Ninth Circuit's memorandum decision (Dkt. #65-1).

Second, Plaintiff contends that the federal securities and state tort claims were not "directly decided" and, even if they had been, there is "no basis for an award of fees against the losing party." Dkt. #71 at 10. With the exception of the request for declaratory relief (Dkt. #1 ¶¶ 54-66), which was denied as moot, all of Plaintiff's claims for relief were resolved in favor of Defendant on the merits (*see* Dkt. #50). Plaintiff cites no legal authority to support his contention that there is no basis for an award of fees.

Third, Plaintiff argues that the attorneys' fee provision in the put option agreement is narrow and does not permit recovery for all the work done in this case. Dkt. #71 at 11. Plaintiff does not identify the work that purportedly is not covered by the attorneys' fee provision, asserting instead that it is a "nearly impossible task" to separate the fee application into covered and non-covered work. *Id.* Where, as in this case, multiple claims for relief involve a common core of facts (the exercise of the put option) and are based on related legal theories (fraud, misrepresentation, and breach of fiduciary duty), "[m]uch of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide hours expended on a claim-by-claim basis." *Hensley*, 461 U.S. at 435. The focus, therefore, must be on "the significance of the overall [result] obtained by [counsel] in relation to the hours reasonably expended on the litigation." *Id.* Defendant prevailed on all claims. *See* Dkt. ##50, 65. Plaintiff has not shown, and the Court does not find, that the total hours spent in securing this victory were disproportionate to the results achieved.

Fourth, Plaintiff disputes that the law in this case was well-settled, claiming instead that the "legal issues were neither easy nor hard but more in the mainstream of 'normal' legal issues." Dkt. #71 at 13. Plaintiff asserts that a case with "normal" legal issues and 14 depositions simply cannot support the requested fee award (*id.*), but Plaintiff makes no argument, and cites no legal authority, in support of this conclusory assertion.

Fifth, Plaintiff argues that his case was neither vexatious nor frivolous. Dkt. #71 at 18. The Court agrees, but this does not preclude an award of fees pursuant to the parties' put option agreement.

Sixth, Plaintiff criticizes Defendant for baldly asserting that the requested fee award will not cause Plaintiff financial hardship. Dkt. #71 at 14. Plaintiff, however, "'has the burden of coming forward with *prima facie* evidence of financial hardship.'" *Biltmore Assocs., L.L.C. v. Twin City Fire Ins. Co.*, No. 2:05-CV-04220-PHX-FJM, 2007 WL 496766, at \*4 (D. Ariz. Feb. 12, 2007) (citation omitted). Plaintiff has presented no such evidence.

Seventh, Plaintiff asserts that Defendant has not shown that he was ever obligated to pay attorneys' fees or has in fact paid such fees. Dkt. #71 at 15. The put option agreement entitles Defendant to an award of fees reasonably "incurred" in this action. Dkt. #68 at 38. Defendant has sufficiently established that he has incurred the requested fees. *See* Dkt. #68 at 28-274; Dkt. #72-1; *see also Morrison v. C.I.R.*, 565 F.3d 658, 660 (9th Cir. 2009) (an individual "may 'incur' fees even when those fees are paid initially by a third party").

Finally, Plaintiff requests an evidentiary hearing, but he does not identify the evidence that would be presented or the issues that would be addressed. The Court's local rules required Plaintiff to identify his specific objections to the fee application in his response. He did not do so. Because Plaintiff has presented no clear basis upon which the Court should hold an evidentiary hearing, his request is denied.

**IT IS ORDERED:**

1. Defendant's motion for attorneys' fees and costs (Dkt. #66) is **granted**.
2. Fees and costs in the total amount of **$738,807.27** are awarded in favor of Defendant and against Plaintiff.

3. Plaintiff's request for an evidentiary hearing (Dkt. #71 at 15-16) is **denied**.

DATED this 13th day of January, 2010.

_David G. Campbell_
United States District Judge